IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, et al.<br><br>  Plaintiffs,<br><br>vs.<br><br>FRONTIER AIRLINES, INC.<br><br>  Defendant. | No. 4:17-CV-00452-JEG-HCA<br><br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S DECLARATION AND EXHIBITS** |

Plaintiffs, Adeline Clark *et al.* move to strike the Defendant's Memorandum in Support of Defendant Frontier Airlines, Inc's Motion to Dismiss pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and in support thereof states the following:

1. On April 12, 2018 the Defendant filed a Motion to Dismiss, requesting the Court dismiss each of Plaintiffs' claims with prejudice. (ECF No. 8).

2. On the same date, Defendant filed its Memorandum in Support of their Motion to Dismiss. (ECF No. 8-1).

3. Attached to Defendant's Motion was a "Declaration of Chris A. Hollinger in Support of Defendant Frontier Airlines, Inc.'s Motion to Dismiss, including 10 attached exhibits lettered "a" through "j". (ECF No. 8-2).

For the reasons set forth below, Plaintiffs respectfully request the Court strike Defendant's Declaration (ECF no. 8-2) in its entirety from the record.

**ARGUMENT**

Defendant Frontier Airlines, Inc. asserts the Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. 'Facial attacks' on the complaint require the court to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion. 'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (citations omitted) (internal quotations omitted).

These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true. *Id*. However, "[o]n a factual attack of subject matter jurisdiction, a court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action." *Garcia v. Copenhaver, Bell & Assocs*., M.D.'s, P.A., 104 F.3d 1256, 1261 (11th Cir. 1997) (emphasis added).

Frontier's Motion to Dismiss purports that a factual challenge exists to the Court's subject matter jurisdiction. However, Frontier has actually raised no factual challenge to this Court's jurisdiction. Rather, Frontier's sole allegation is that a breach of the collective bargaining agreement, *alone*, is sufficient to defeat subject matter jurisdiction. This is not a factual attack, but rather a facial one. In arguing that Section 153 of the RLA requires this dispute to be resolved by an RLA system board of adjustment board, Frontier challenges only

"the legal sufficiency of the plaintiff's jurisdictional allegations," which requires "tak[ing] the plaintiff's factual allegations as true." *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000).

Because Frontier raises only a facial challenge to subject matter jurisdiction, it must be treated as a Rule 12(b)(6) motion, thereby prohibiting introduction of materials beyond the pleadings. In a facial attack, a party challenges the sufficiency of the pleadings. *See Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993). The legal standard governing motions to dismiss is daunting. The Court must assume all facts alleged in the Complaint are true, and must construe it liberally in the light most favorable to Plaintiffs. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994); Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982). A Rule 12(b)(6) motion to dismiss must be denied unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle the plaintiff to relief. Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986).

Respectfully submitted,

*/s/ Kellie L. Paschke*_____
Kellie L. Paschke AT# 0006038
SKINNER & PASCHKE, PLLC
204 West Hickman Road
Waukee, Iowa 50263
Telephone:     (515) 987-0022
Facsimile:     (515) 987-6972
E-Mail:  kellie@splawiowa.com
E-Mail:  beth@splawiowa.com

                    */s/ Jason D. Walke*
                    Jason D. Walke, AT# 0008230
                    WALKE LAW, LLC
                    204 West Hickman Road
                    Waukee, IA  50263
                    Telephone:  (515) 421-4026
                    Facsimile:  (515) 216-2261
                    E-Mail:  jwalke@walkelaw.com
                    E-Mail:  nphifer@walkelaw.com

                    ATTORNEYS FOR PLAINTIFFS

4