IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, *et. al*,<br><br>               Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>               Defendant. | Case No. 4:17-cv-00452-JEG-HCA<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

**TABLE OF CONTENTS**

I. This Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Claim For Breach Of Collective Bargaining Agreement ("CBA") Because The Claim Is A Minor Dispute Under The Railway Labor Act ("RLA"). .............................. 1

    A. Plaintiffs' Claim For An Equity Participation Payment Is Based On The Frontier-AFA CBA. ................................................................................ 1

    B. Plaintiffs' Attempt To Circumvent The System Board Of Adjustment On Account Of The Board's Composition Should Be Rejected By The Court. ........................................................................................................... 3

II. Plaintiffs' Common-Law Claims Should Be Dismissed. ...................................... 5

Defendant Frontier Airlines, Inc. ("Frontier") hereby submits the following reply brief in support of its motion to dismiss (ECF No. 8) and in response to Plaintiffs' Brief In Resistance To Defendant's Motion To Dismiss ("Opp.") (ECF No. 11).

I. **This Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Claim For Breach Of Collective Bargaining Agreement ("CBA") Because The Claim Is A Minor Dispute Under The Railway Labor Act ("RLA").**

   A. *Plaintiffs' Claim For An Equity Participation Payment Is Based On The Frontier-AFA CBA.*

Plaintiffs' argument that their claim presents a "major" dispute (*see* Opp. at 7) is based on a profound misunderstanding of the RLA's dispute-resolution mechanisms. As relevant here, a "major" dispute is a dispute ***between a carrier and a union***, not between a carrier and its employees, regarding potential modifications to an existing CBA. *See, e.g., Wien Air Alaska, Inc. v. Bachner*, 865 F.2d 1106, 1109 (9th Cir. 1989) ("Because a major dispute will affect the future of the unit's entire constituency, its resolution lies exclusively within the authority of the employees' collective bargaining representative."); *Oakey v. U.S. Airways Pilots Disability Income Plan*, 839 F. Supp. 2d 225, 231 (D.D.C. 2012) ("Under the RLA, the union…exclusively controls the prosecution of major disputes.") (citation omitted), *aff'd*, 723 F.3d 227 (D.C. Cir. 2013). A major dispute is resolved through a sequential process of negotiation, mediation, voluntary arbitration and, if necessary, self-help between the carrier and the union. *See, e.g., Missouri-Illinois R.R. v. Order of Ry. Conductors & Brakemen*, 322 F.2d 793, 796 (8th Cir. 1963). When a court determines that a particular dispute between a carrier and a union raises a major dispute, rather than a "minor" dispute over whether the carrier has the right under the existing CBA to take a contested action, the court enjoins the carrier from taking the contested action until such time as the carrier and the union have exhausted the RLA's negotiation and mediation procedures. *See, e.g., United Transp. Union v. Kansas City S. Ry. Co.*, 172 F.3d 582,

1

585 (8th Cir. 1999). The court does **not** resolve the merits of the underlying dispute, which is what Plaintiffs improvidently seek here.

Plaintiffs' claim that they are entitled to money based on Article 24 of the Frontier-AFA CBA is a textbook example of a "minor" dispute. As the Supreme Court noted in *Consolidated Rail Corp. v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 305 (1989), "[t]he distinguishing feature of such a case [i.e., a minor dispute] is that the dispute may be conclusively resolved by interpreting the existing agreement." Obviously, that is the case here. Plaintiffs' first cause of action is styled "Breach of Collective Bargaining Agreement," *see* Am. Compl. at 6 – and Plaintiffs have a pending arbitration case before the Frontier Flight Attendants' System Board of Adjustment, where their counsel framed the issue as: "did the Company violate Article 24 of the Collective Bargaining Agreement when the Company failed to pay Grievants equity payments . . ." (*See* Supplemental Declaration of Chris A. Hollinger ("Hollinger Supp. Decl.") (filed concurrently herewith) ¶ 2(a); Ex. A.)[1]

Plaintiffs invoke the "arguably justified" standard for differentiating between "major" and "minor" disputes under the RLA (*see* Opp. at 7-9), but this lawsuit does not call on the Court to draw such a distinction. And, even if the standard were applicable, it would be easily satisfied here for the following reasons (among others):

(1) Article 24(D) of the Frontier-AFA CBA states that: "Equity Participation . . . and participation in the PSP [Profit Sharing Plan] . . . will be exclusively for Frontier Flight Attendants on the Frontier Flight Attendant Seniority List as of January 1, 2012." (Hollinger Supp. Decl. ¶ 2(b); Ex. B.) Plaintiffs contend that this text means that all flight attendants on the seniority list as of January 1, 2012 were entitled to Equity Participation and, hence, to a payment under the Equity Participation Payment LOA. But that is not the only reasonable construction of

---

[1] Notwithstanding Plaintiffs' frivolous motion to strike (ECF No. 10), it is entirely appropriate for the Court to consider extrinsic materials in connection with the instant motion.

        Article 24(D). The text could just as easily mean that *only* flight attendants on the seniority list as of January 1, 2012 were entitled to Equity Participation – while saying nothing about which pre-January 1, 2012 flight attendants were entitled to Equity Participation.

(2)       Article 24(D) refers to "Frontier ***Flight Attendants*** on the Frontier Flight Attendant Seniority List as of January 1, 2012," and "Flight Attendant" is defined in the Frontier-AFA CBA (Art. 2(32)) as: "***An employee of the Company*** whose name appears on the Flight Attendant Seniority List as defined by Article 10 of this Agreement . . . ." (*Id.* ¶ 2(b) & (c); Exs. B & C (emphasis added).) It is undisputed that Plaintiffs had left their employment with Frontier, and thus were not "Flight Attendants," as of March 15, 2017; by arguing against the concept of "continuous employment" (*see* Opp. at 9), Plaintiffs would effectively delete the term "Flight Attendants" from Article 24(D).

(3)       Article 24(D) applies equally to Frontier's Profit Sharing Plan. Frontier made profit-sharing payments to flight attendants on numerous occasions prior to March 15, 2017 and, when it did, it applied a "continuous employment" requirement: if a flight attendant left Frontier between the end of the period for which profit-sharing was earned and the time when the payments were made, the flight attendant did not receive a payment. Nobody complained – not even Plaintiffs' own witnesses at the arbitration hearing, who were impacted by this "continuous employment" policy. (*See id.* ¶ 2(d); Ex. D.)

The resolution of the above issues lies within the mandatory and exclusive jurisdiction of the Frontier Flight Attendants' System Board of Adjustment. That is where Plaintiffs' claim is pending, and that is where it belongs – not in this Court.

    B.    <u>Plaintiffs' Attempt To Circumvent The System Board Of Adjustment On Account Of The Board's Composition Should Be Rejected By The Court</u>.

    Plaintiffs invoked the arbitration process prior to filing this action, and are currently participating in an arbitration over the contractual claim they seek to litigate here. (*See* Hollinger Supp. Decl. ¶¶ 2-3.) To avoid dismissal of what is plainly a minor dispute, Plaintiffs ask this Court to disregard the RLA's mandatory dispute-resolution mechanism on the theory that a majority of the System Board of Adjustment is composed of Frontier- and AFA-appointed members whose interests are aligned in this case. (*See* Opp. at 11-13.) However, numerous courts have considered and rejected Plaintiffs' theory. *See, e.g., Wells v. Southern Airways, Inc.*,

616 F.2d 107, 110 (5th Cir. 1980) (RLA imposes on the system board of adjustment members an obligation to conduct a "full and fair hearing" and also "impose[s] on individual arbitrators a duty to adjudicate particular cases fairly without regard to their institutional predilections"); *Cunningham v. United Airlines, Inc.*, 2014 WL 441610, at *6 (N.D. Ill. Feb. 4, 2014) (explaining that "just because parties appointing members may disagree with the plaintiffs 'on the merits of their ... claim[,] does not mean that resort to the Adjustment Board would be absolutely futile.") (quotation omitted), *aff'd sub nom. Cunningham v. Air Line Pilots Ass'n, Int'l*, 769 F.3d 539 (7th Cir. 2014); *Addington v. US Airline Pilots Ass'n*, 588 F. Supp. 2d 1051, 1063-64 (D. Ariz. 2008).

The Eighth Circuit's decision in *McCormick v. Aircraft Mechanics Fraternal Ass'n*, 340 F.3d 642 (8th Cir. 2003), is instructive. In *McCormick*, a group of furloughed Northwest Airlines ("Northwest") employees, and former members of the Aircraft Mechanics Fraternal Association ("AMFA"), claimed they were entitled to be recalled to jobs with Northwest based on a Northwest-AMFA CBA which was executed at a time when they were no longer represented by AMFA. *Id.* at 644. Both Northwest and AMFA disagreed with the plaintiffs' interpretation of the CBA. *Id.* The Eighth Circuit held that the plaintiffs had no claim for breach of the duty of fair representation against AMFA, because AMFA was not the plaintiffs' collective bargaining representative at the time of the events in question. *Id.* at 645-46. The Eighth Circuit further held that, because the plaintiffs had no such claim against the union, they could not maintain their breach of CBA claim against Northwest in court. The RLA's minor dispute procedures were the plaintiffs' only recourse. *See id.* at 646.[2]

---

[2] Plaintiffs' reliance on *Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324 (1969), is misplaced. (Cf. Opp. at 12). *See Everett v. USAir Grp., Inc.*, 927 F. Supp. 478, 486 (D.D.C. 1996) ("The

4

II.     **Plaintiffs' Common-Law Claims Should Be Dismissed.**

Plaintiffs' attempt to salvage their claim for promissory estoppel should be rejected for two reasons.  ***First***, notwithstanding the assertion in their Opposition that "[s]eparate from the contents of the CBA, Frontier made definite promises, through company communications and public comments, to allow Equity Participation for flight attendants" (Opp. at 15), their Amended Complaint (¶ 28) contains only one conclusory reference to extra-contractual communications, which is clearly inadequate to plausibly allege a claim.  ***Second***, as explained in Frontier's motion to dismiss (*see* ECF No. 8-1 at 14), even if Plaintiffs acted in reliance on Frontier's alleged extra-contractual promise when voting in favor of the CBA in 2011, the critical determination as to whether Plaintiffs' alleged reliance was reasonable would necessarily depend on resolution of the parties' disputes regarding the meaning of Article 24.  Based on this point, which Plaintiffs' Opposition fails to address, the claim is preempted by the RLA.

To a similar effect, Plaintiffs' Opposition fails to address the argument from Frontier's motion to dismiss regarding their unjust enrichment claim, namely, in order to determine whether it was "unjust" for Frontier to not have made Equity Participation Payments to the Plaintiffs, the Court would have to interpret the Frontier-AFA CBA – because, if Frontier was acting in compliance with Article 24, it would not be acting "unjustly."  (ECF No. 8-1 at 15.)  Plaintiffs' unjust enrichment claim is therefore preempted by the RLA.

---

Supreme Court has determined that retired workers, despite their noninclusion in the collective bargaining unit, must proceed before adjustment boards comprised of union and management representatives.  Were this Court to hold that these plaintiffs are structurally disadvantaged because they disagree with the position of the union that once represented them and therefore are entitled to the protection of *Glover,* **all** retired workers challenging their union's bargaining position could proceed directly to court ….") (emphasis in original), *aff'd sub nom. Everett v. US Airways Grp., Inc.*, 194 F.3d 173 (D.C. Cir. 1999). The Court should also reject Plaintiffs' reliance on the D.C. Circuit's 70 year-old decision in *Edwards v. Capital Airlines, Inc.*, 176 F.2d 755 (D.C. Cir. 1949).  (*See* Opp. at 11.)  That decision is inconsistent with the Eighth Circuit's decision in *McCormick* as well as the other, more recent decisions cited in the text.

* * *

Dated:  May 3, 2018.                                    Respectfully Submitted,

                                      BELIN MCCORMICK, P.C.

*/s/ Matthew C. McDermott*
Matthew C. McDermott
666 Walnut Street, Suite 2000
Des Moines, Iowa  50309-3989
Telephone: (515) 283-4643
Facsimile: (515) 558-0643
E-Mail: mmcdermott@belinmccormick.com

O'MELVENY & MYERS LLP

*/s/ Chris A. Hollinger*
Chris A. Hollinger (*pro hac vice*)
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
E-mail: chollinger@omm.com

*Attorneys for Defendant*
*Frontier Airlines, Inc.*

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on May 3, 2018 by

☒ Electronic Filing System      Other _____

Kellie L. Paschke
Skinner & Paschke, PLLC
204 West Hickman Road
Waukee, IA 50263
kellie@splawiowa.com; beth@splawiowa.com
Jason D. Walke
Walke Law, LLC
204 West Hickman Road
Waukee, IA 50263
jwalke@walkelaw.com; nphifer@walkelaw.com

Signature:    */s/ Chris A. Hollinger*