IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, *et. al*,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | Case No. 4:17-cv-00452-JEG-HCA<br><br>DEFENDANT FRONTIER AIRLINES, INC.'S<br>BRIEF IN RESISTANCE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S DECLARATION AND EXHIBITS |

Plaintiffs' Motion To Strike Defendant Frontier Airlines, Inc.'s Declaration And Exhibits (ECF No. 10) is based on an inaccurate characterization of Frontier's Motion To Dismiss Plaintiffs' Complaint (ECF No. 8). Frontier's motion to dismiss clearly raises a "factual" challenge to this Court's subject-matter jurisdiction. Accordingly, this Court may consider matters outside the pleadings, and Plaintiffs' motion to strike should be denied.

In a factual attack, a court's subject-matter jurisdiction is challenged "in fact, regardless of the pleadings," and the court considers matters outside the pleadings, such as declarations. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 915 (8th Cir. 2015); *see also Parsons v. U.S. Air Force*, No. 99-2985, 2000 WL 748097 at *1 (8th Cir., June 12, 2000) (per curiam) (affirming dismissal under Rule 12(b)(1) after district court "looked beyond the face of [the] complaint to determine the true nature of [the] suit"); *Aviva Life & Annuity Co. v. Davis*, 20 F. Supp. 3d 694, 698 n.5 (S.D. Iowa 2014) ("In this case, Defendants have filed a factual challenge to this Court's subject matter

1

jurisdiction, as Defendants attached multiple exhibits to their motions to dismiss ***which contain factual information not included in Plaintiffs' Complaint***.") (emphasis added). A district court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008).

As explained in Frontier's supporting brief, the Railway Labor Act, 45 U.S.C. §§ 151 *et seq.* (the "RLA"), gives arbitral boards of adjustment mandatory and exclusive jurisdiction to adjudicate the merits of "minor disputes" and divests the federal district courts of the authority to do so. (*See* ECF No. 8-1 at 3-4, 10-12.) Defendant contends that Plaintiffs' claim for breach of collective bargaining agreement ("CBA") (Count I) raises a "minor dispute" under the RLA. In order to establish this point, Defendant has relied upon multiple provisions of the CBA and underlying arbitration documents – most of which were not included or even mentioned in Plaintiffs' amended complaint. This is a quintessential factual challenge to the Court's subject-matter jurisdiction.

For the foregoing reasons, Defendant Frontier Airlines, Inc. respectfully requests that this Court deny Plaintiffs' motion to strike.

Dated:  May 10, 2018.                                  Respectfully Submitted,

                                                       BELIN MCCORMICK, P.C.

                                                       */s/ Matthew C. McDermott*
                                                       Matthew C. McDermott

                                                       666 Walnut Street, Suite 2000
                                                       Des Moines, Iowa  50309-3989
                                                       Telephone: (515) 283-4643
                                                       Facsimile: (515) 558-0643
                                                       E-Mail: mmcdermott@belinmccormick.com

                                                       Chris A. Hollinger (*pro hac vice*)
                                                       O'MELVENY & MYERS LLP
                                                       Two Embarcadero Center
                                                       28th Floor
                                                       San Francisco, CA 94111
                                                       Telephone: (415) 984-8700
                                                       E-mail: chollinger@omm.com

                                                       *Attorneys for Defendant*
                                                       *Frontier Airlines, Inc.*

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on May 10, 2018 by

☑   Electronic Filing System     ☐   Other _____

Kellie L. Paschke
Skinner & Paschke, PLLC
204 West Hickman Road
Waukee, IA 50263
kellie@splawiowa.com; beth@splawiowa.com
Jason D. Walke
Walke Law, LLC
204 West Hickman Road
Waukee, IA 50263
jwalke@walkelaw.com; nphifer@walkelaw.com

Signature:   */s/ S. Anderson*