IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, et al.<br><br>    Plaintiffs,<br><br>vs.<br><br>FRONTIER AIRLINES, INC.<br><br>    Defendant. | No. 4:17-CV-00452-JEG-HCA<br><br><br>**PLAINTIFFS' BRIEF IN RESISTANCE TO DEFENDANT'S MOTION TO TRANSFER CASE** |

## SUMMARY OF FACTS

The Plaintiffs are approximately 100 former Frontier flight attendants located throughout the United States. *See* Am. Compl. (ECF No. 2) ¶ 1. The Defendant, Frontier Airlines, Inc. is a Delaware corporation with its principal place of business located in Denver, Colorado. *Id.* ¶ 2. Frontier is authorized to transact business in the State of Iowa, pursuant to a Certificate of Authority (#351804) filed with the Iowa Secretary of State. *Id.*

Frontier and the Union negotiated to form a collective bargaining agreement (CBA) in 2011, which included Article 24, a provision allowing for "Equity, Profit-Sharing, and Wage & Benefit Snapbacks" benefits. See Am. Compl. ¶ 6. On October 11, 2011, Frontier and the Union agreed to Flight Attendant Restructuring Investments (commonly known as "concessions") which were memorialized in a letter signed by the parties. *See* Am. Compl. Ex. 2 (ECF No. 3) at 3-4. Three days later, on October 14, 2011, Frontier and the Union executed the CBA. *See* Am. Compl. ¶ 6. The CBA was negotiated in Indianapolis, Indiana.

Between January 1, 2012 and March 15, 2017, Plaintiffs separated their employment with Frontier for various reasons and at various times.  Only after leaving employment, did the Plaintiffs learn that, according to Frontier and AFA, they would no longer be eligible for Article 24 benefits even though they had endured the wage and benefit reductions which those benefits were specifically designed to offset.

On March 15, 2017, Frontier and the Union signed a Letter of Agreement ("LOA") to modify/amend the CBA. *Id.* ¶ 12.  The terms of the Agreement required Frontier to pay $40 million dollars to satisfy the Equity Participation provision of Article 24A ("Equity Payment"). *Id*.  The Agreement further specified that the Union would have sole authority to determine which flight attendants on the seniority list would be eligible for a share of the Equity Payment. *Id.* ¶ 13.  Significantly, employees of both the Union and Frontier have testified under oath (in the recent and ongoing grievance process) that the Equity Payment was an "equity event" which triggered the equity participation provisions of Article 24.

On May 25, 2017 and June 13, 2017, the Plaintiffs filed a Grievance with Frontier, through their undersigned counsel, alleging they were entitled to a share of the Equity Payment due to their placement on the flight attendant seniority list as of January 1, 2012. *Id.* ¶ 16. Frontier held a telephonic hearing on June 20, 2017 and issued a denial of the consolidated grievances on June 30, 2017. *Id. ¶ 17.*  Thereafter, the Plaintiffs timely appealed their denial to the System Board of Adjustment, which conducted a hearing on March 20, 2018. *Id.*.[1]

---

[1] The denial of Plaintiffs' Grievance was appealed to the Frontier System Board of Adjustment.  A hearing was held on March 20, 2018.  The Board has not yet issued a decision.

**PROCEDURAL HISTORY**

On December 28, 2017, Plaintiffs brought claims against Frontier for (1) Breach of Contract, (2) Promissory Estoppel, and (3) Unjust Enrichment in the United States District Court for the Southern District of Iowa. Frontier filed a Motion to Dismiss on April 12, 2018, which Plaintiffs have resisted.

**ARGUMENT**

**I.     Venue is proper in the Southern District of Iowa.**

The general venue statute, 28 U.S.C. § 1391 governs the appropriate venue for actions brought in federal courts. Pursuant to § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[2]

   *a. Frontier is a resident of Iowa.*

A civil action may be brought in *any* judicial district in which a defendant resides. *See* 28 U.S.C. §1391(b)(1). In this case, Frontier is a resident of the State of Iowa for purposes of the venue statute. Under the general venue statute, a resident is defined by 28 U.S.C. § 1391(c), which provides (in relevant part):

> [A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial

---

[2] Frontier's motion requests this case be transferred to Colorado pursuant to 28 U.S.C. 1404(a). Importantly, Frontier does not assert that venue the Southern District of Iowa is improper.

>district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business.  *See* 28 U.S.C §1391(c)(2).

Here, Frontier is registered with the State of Iowa, pursuant to a Certificate of Authority (#351804) filed with the Iowa Secretary of State on September 19, 2007.  Further, Frontier has a registered office and registered agent in Iowa.  As a result, Frontier is a resident and has subjected itself to jurisdiction in Iowa.

### b. *Events relevant to this case occurred in Iowa.*

In addition to meeting the residency requirement pursuant to 28 U.S.C. §1391(b), venue is also appropriate in the Southern District of Iowa because substantial parts of the events giving rise to this action occurred in Iowa.  Frontier goes to great lengths to describe the various locations where the CBA was negotiated, including changes outlined in the 2017 Letter of Agreement (the "LOA).  Frontier also states that none of the events giving rise to this litigation occurred in Iowa.  This is simply not true.  Conveniently, Frontier ignores the fact that the grievance hearing took place (in part) in Iowa.  The grievance hearing was held telephonically.  Plaintiffs were represented by counsel in Iowa, who participated on behalf of the Plaintiffs while in Iowa.  This grievance hearing, and the subsequent denial of Plaintiffs' grievance, is a significant event that gave rise to the instant action.  The "substantial part of the events or omissions" test is satisfied "by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action.'" *FC Investment Group v. Lichtenstein,* 441 F.Supp.2d 3, 11 (D.D.C. 2006) (quoting *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 153-54 (2d Cir. 2001)).  Venue in Iowa is clearly appropriate.

**II.     Frontier has not met their burden to change venue.**

Title 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The statute's purpose is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted) (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 24 (1960)). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). "Courts will normally hesitate to disturb a plaintiff's choice unless the moving party demonstrates that the balance of convenience and justice weighs heavily in favor of transfer." *Wells Fargo Fin. Leasing, Inc. v. Orlando Magic Ltd.*, 431 F. Supp. 2d 955, 966-67 (S.D. Iowa 2006) (citing *Kovatch Corp. v. Rockwood Sys. Corp.*, 666 F. Supp. 707, 708 (M.D. Pa. 1986)).

District courts have discretion in deciding whether to transfer a case. *GreatAmerica Leasing Corp. v. Avery Air Conditioning/Heating & A-Abaca Servs., Inc.*, No.11-CV-66-LRR, 2012 WL 443586, at *6 (N.D. Iowa Feb. 10, 2012). Although the court has not established an "exhaustive list" of factors that are relevant to determination of a motion to transfer, it has recognized various factors as frequently relevant to the "convenience" aspect and the "interest of justice" aspect, respectively. *Id.* at 913-16; *Terra Int'l, Inc.* at 691. The Court's evaluation is not

limited to these factors only. *Id*. The Court must "weigh in the balance a number of case-specific factors." Id. (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

### *a. Colorado venue is not convenient to the non-party witnesses.*

In balancing the convenience factor, the Court may consider (1) the convenience of the parties, (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law. *Lyngholm v. FedEx Ground Package Sys., Inc.*, 827 F. Supp. 2d 912, 919 (S.D. Iowa 2011) (quoting *Terra Int'l*, 119 F.3d at 697). "The convenience of non-party witnesses is generally considered to be one of the most important factors to be weighed in the venue transfer analysis." *Medicap Pharms., Inc. v. Faidley,* 416 F. Supp. 2d 678, 687 (S.D. Iowa 2006). "The Court 'must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum. The burden is on the defendant to provide these facts by way of affidavit or other information.'" *Wells Fargo Fin. Leasing, Inc. v. NCH Healthcare Sys., Inc.*, 756 F. Supp. 2d 1086, 1101 (S.D. Iowa 2010) (quoting *Reid-Walen v. Hansen*, 933 F.2d 1390, 1396 (8th Cir. 1991)).

This case is currently in its infancy, so the specific identity of non-party witnesses is currently unknown. However, Frontier has identified seven potential non-party witnesses and their current residency. They include: Ron Henson (North Carolina), Ken Pack (Indiana), Wayne Heller (Indiana), Tim Dooley (Indiana), Peter Swanson (Minnesota), Suzanne Balzer (Minnesota), and Matt Barton (Colorado). As Frontier correctly notes, nearly all of these witnesses are out of reach of *both* Courts. Notably, *only one* of the non-party witnesses actually

lives in Colorado. <u>The remaining six witnesses live closer to Iowa than Colorado</u>. Further, the relevance of the lone non-party witness from Colorado is unknown.

### b. *Colorado venue is not convenient for the Plaintiffs.*

Although a slim majority of the Plaintiffs reside in Colorado, this, by itself, does not render Colorado a more convenient venue. At this time it is unknown which Plaintiffs will be necessary for trial. Much like Frontier does not anticipate calling each and every flight attendant a witness, it is unlikely each and every Plaintiff will need to be present for the proceedings.

By the very definition of their position, flight attendants must travel. It is not uncommon for a flight attendant to live in one state and be based (for purposes of employment) in a different state. In fact, two employees identified by Frontier as key witnesses include Erika Schweitzer and Theresa Owens. Ms. Schweitzer lives in Colorado but is based in Chicago, Illinois. Similarly, Ms. Owens lives in Colorado but is based in Orlando, Florida. It is inconceivable that these and similar witnesses would find it "inconvenient" to travel for purposes of a trial when their own employment consistently and regularly requires the same type of travel.

In reality, a change in venue only serves the convenience of Frontier, at the expense of the Plaintiffs. Transfer to the District of Colorado would only enhance the convenience of one party to the detriment of the other, which is not a permissible justification for a change of venue. "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *Terra Int'l,* at 696-97 (quoting *Scheidt*, 956 F.2d at 966.

### c. *Transfer to Colorado is not in the interests of justice.*

Relevant factors affecting the "interests of justice" include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgement, (5) obstacles to a fair trial, (6) conflict of law issues,

7

and (7) the advantages of having a local court determine questions of local law. *Terra Int'l, Inc*. at 691.

### (i) Plaintiffs' choice of forum is Iowa.

Here, plaintiffs have chosen to litigate their claims in the Southern District of Iowa. Although none are a resident of this forum, Plaintiffs assert that some acts or omissions occurred here when the grievance hearing was held. Plaintiffs' choice of forum should be given considerable deference. *Terra Int'l*, at 695 ("federal courts give considerable deference to a plaintiff's choice of forum. . ."); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (plaintiff's choice of forum "is entitled to substantial consideration. . ."); *Scheidt,* at 965 ("'[u]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed.'") (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)); *Kovatch v. Rockwood Sys. Corp.*, 666 F. Supp. 707, 708 (M.D. Pa. 1986) ("Normally, plaintiff's choice of forum will not be disturbed unless the movant for transfer demonstrates that the balance of convenience and justice weighs heavily in favor of transfer."); *Exide Corp. v. 11 Electro Servs., Inc.*, 596 F. Supp. 1404, 1405 (E.D. Pa. 1984) (It is well-established that plaintiff's choice of forum is a "paramount consideration" and "should not be lightly disturbed.") (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir. 1970)).

### (ii) Costs of litigation.

Plaintiffs' attorneys are located in central Iowa. Thus, maintaining the action in Iowa would be cost-efficient for the Plaintiffs, who would not be required to pay attorney travel and incidental expenses if the action is maintained in Iowa. Further, Plaintiffs are ill-equipped to bear the burden of these costs.

Frontier argues that litigating this action in Iowa will be "significantly more costly" than litigating in Colorado.  However, Frontier has failed to provide any estimates of this additional cost.  Transferring the case to Colorado will undoubtedly increase the financial expenses for Plaintiffs, who will be required to incur the same costs Frontier is trying to avoid in Iowa.  Again, "[m]erely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." Id. at 696-97 (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)); *see Lajaunie v. L & M Bo-Truc Rental, Inc*., 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (concluding that shifting costs, rather than reducing them, does not support transfer).

Frontier also argues that all of its corporate documents are located at its corporate headquarters in Colorado. However, the court now recognizes that with the advent of photocopying and other means of document reproduction, the location of documents is no longer entitled to much weight in the transfer of venue analysis, especially where, as here, the party has the financial capability to complete the necessary copying. See J.*I. Kislak Mortg. Corp. v. Connecticut Bank and Trust Co., N.A.*, 604 F. Supp. 346, 348 (S.D. Fla. 1985) (quoting *American Standard, Inc. v. Bendix Corp*., 487 F. Supp. 254, 264 (W.D. Mo. 1980); *Houk v. Kimberly-Clark Corp*., 613 F. Supp. 923, 932 (W.D. Mo. 1985).

The burden lies with Frontier to demonstrate transfer of venue is warranted, not merely possible or more preferable to the Defendant.  Frontier has failed to meet their very high burden to establish a change in venue is necessary.  While Colorado is another permissible venue, it is not more convenient for the non-party witnesses and Plaintiffs.  Further, the interests of justice weigh in favor of maintaining this action in Iowa, where Plaintiffs can minimize their legal expenses.

9

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully requests this Court to deny the Defendant's Motion to Transfer Case.

Respectfully submitted,

/s/ Kellie L. Paschke_____
Kellie L. Paschke AT# 0006038
SKINNER & PASCHKE, PLLC
204 West Hickman Road
Waukee, Iowa 50263
Telephone:     (515) 987-0022
Facsimile:       (515) 987-6972
E-Mail:  kellie@splawiowa.com
E-Mail:  beth@splawiowa.com


 /s/ Jason D. Walke_____
Jason D. Walke, AT# 0008230
WALKE LAW, LLC
204 West Hickman Road
Waukee, IA  50263
Telephone:  (515) 421-4026
Facsimile:  (515) 216-2261
E-Mail:  jwalke@walkelaw.com
E-Mail:  nphifer@walkelaw.com

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on May 16, 2018 by

☒ Electronic Filing System    ☐ Other

Matthew C. McDermott
666 Walnut Street, Suite 2000
Des Moines, IA  50309-3989
mmcdermott@belinmccormick.com;
lmckimpson@belinmccormick.com

Chris Hollinger
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
chollinger@omm.com;
wbenson@omm.com