**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

ADELINE CLARK, et al.

     Plaintiffs,

vs.

FRONTIER AIRLINES, INC.

     Defendant.

No.  4:17-CV-00452-JEG-HCA

**REPLY BRIEF IN SUPPORT OF**
**PLAINTIFFS' MOTION TO STRIKE**

Plaintiffs, Adeline Clark *et al.* hereby submit the following Reply Brief in support of Plaintiffs' Motion to Strike (ECF No. 10) and in response to Defendant's Memorandum in Resistance to Plaintiffs' Motion to Strike (ECF No. 15).

     **I.**     **Defendant's Motion to Dismiss presents a facial attack, not a factual one.**

The Defendant maintains this Court lacks subject matter jurisdiction and, therefore, must be dismissed pursuant to Rule 12(b)(1).  A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).  In a facial attack, "a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction." *Kerns v. United States,* 585 F.3d 187, 193 (4th Cir. 2009). Thus, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn,* 918 F.2d at 729 (internal citations omitted).

1

By contrast, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). (emphasis added); *accord Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  When a party launches a "factual attack" on federal subject matter jurisdiction, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993), (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

In their Complaint (Count I), Plaintiffs allege Frontier breached the 2011 Collective Bargaining Agreement by failing to provide equity payments to the Plaintiffs.  (ECF No. 1)  Further, Defendant has admitted the basic facts of this case: the Plaintiffs are former flight attendants, there was a 2011 Collective Bargaining Agreement (CBA), and Plaintiffs did not receive an equity payment under the CBA.  (ECF No. 8-1).  However, Defendant has failed to identify a single fact in Plaintiffs' complaint that they dispute.[1]  A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as a "factual" attack when the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC, Bankr.* No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), citing *Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), aff'd, 199 F.3d 279 (5th Cir. 2000).  Here, Frontier has asserted no such factual challenge. Rather, they are asserting this Court lacks subject matter jurisdiction simply because it is a breach of contract action.

With their Motion to Dismiss, the Defendant filed a Declaration of Chris A. Hollinger in Support of Defendant Frontier Airlines, Inc.'s Motion to Dismiss, and included 10 attached

---

[1] Frontier made a general allegation that Plaintiffs' Complaint did not include necessary factual information. However, Frontier has failed to identify which facts were omitted and why their inclusion is relevant to the Court's subject matter jurisdiction.

exhibits lettered "a" through "j". (ECF No. 8-2)  The introduction of these exhibits is nothing more than an attempt by the Defendant to inject otherwise irrelevant and prejudicial information that is outside the scope of a Rule 12(b)(1) motion.  Labeling it a "factual attack" rather than a "facial attack" in order to introduce this information should be rejected.

Despite their insistence to the contrary, Defendant's Motion to Dismiss should be treated as a facial attack.  Therefore, the Court should strike Defendant's Declaration of Chris A. Hollinger in Support of Defendant Frontier Airlines, Inc.'s Motion to Dismiss, including 10 attached exhibits lettered "a" through "j". (ECF No. 8-2)

Respectfully submitted,

*/s/ Kellie L. Paschke*
Kellie L. Paschke AT# 0006038
SKINNER & PASCHKE, PLLC
204 West Hickman Road
Waukee, Iowa 50263
Telephone:     (515) 987-0022
Facsimile:     (515) 987-6972
E-Mail:  kellie@splawiowa.com
E-Mail:  beth@splawiowa.com

*/s/ Jason D. Walke*
Jason D. Walke, AT# 0008230
WALKE LAW, LLC
204 West Hickman Road
Waukee, IA  50263
Telephone:  (515) 421-4026
Facsimile:  (515) 216-2261
E-Mail:  jwalke@walkelaw.com
E-Mail:  nphifer@walkelaw.com

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on May 17, 2018 by

☑ Electronic Filing System   ☐ Other

Matthew C. McDermott
666 Walnut Street, Suite 2000
Des Moines, IA  50309-3989
mmcdermott@belinmccormick.com;
lmckimpson@belinmccormick.com

Chris Hollinger
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
chollinger@omm.com;
wbenson@omm.com