IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, *et. al*,<br><br>            Plaintiffs,<br><br>       v.<br><br>FRONTIER AIRLINES, INC.,<br><br>            Defendant. | Case No. 4:17-cv-00452-JEG-HCA<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT FRONTIER AIRLINES, INC.'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404** |

**TABLE OF CONTENTS**

I.   This Lawsuit Should Be Transferred To The United States District Court For The District of Colorado Pursuant To 28 U.S.C. § 1404. ............1

  A.   Frontier's Registration To Do Business In Iowa Is Irrelevant To The Section 1404 Analysis. ...........................................................1

  B.   No Relevant Events Occurred In Iowa. ..........................................2

  C.   The Convenience Of Witnesses Weighs Heavily In Favor Of Transfer To The District Of Colorado. ...........................................3

  D.   The Interests of Justice Strongly Favor Transferring This Case To The District Of Colorado. ..................................................5

II.  CONCLUSION................................................................................5

Defendant Frontier Airlines, Inc. ("Frontier") submits the following reply brief in response to Plaintiffs' Brief in Resistance to Defendant's Motion to Transfer Case ("Opp.") (ECF No. 16) and in further support of its Motion To Transfer Pursuant to 28 U.S.C. § 1404 ("Motion") (ECF No. 13-1).

I.  **This Lawsuit Should Be Transferred To The United States District Court For The District Of Colorado Pursuant To 28 U.S.C. § 1404.**

   A.  **Frontier's Registration To Do Business In Iowa Is Irrelevant To The Section 1404 Analysis.**

Plaintiffs' emphasis on the fact that Frontier is registered to do business in Iowa (*see* Opp. at 3-4) betrays a fundamental misunderstanding between a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) with a motion to transfer based on inconvenient venue under 28 U.S.C. § 1404. Frontier's residence in Iowa pursuant to 28 U.S.C. § 1391 (which Frontier does not dispute) is relevant to the former but not to the latter, because Section 1404 "was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, *even though the venue is proper*." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (citation omitted; emphasis added). Indeed, "Congress, in passing § 1404(a), was primarily concerned with the problems arising where, despite the propriety of the plaintiff's venue selection, the chosen forum was an inconvenient one." *Id.* (citation omitted); see *also Tyson Fresh Meats, Inc. v. Lauer Ltd., L.L.C.*, 918 F. Supp. 2d 835, 864 (N.D. Iowa 2013) ("The primary purpose of § 1404(a) is to provide a district court discretion to transfer venue for reasons of convenience and fairness 'despite the propriety of the plaintiff's venue selection.'") (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964)). Thus, even though Frontier does business in Iowa (as it does in most states), that does not automatically make Iowa the most convenient forum, and Plaintiffs fail to cite any authority in support of their assertion to the contrary.

B.     **<u>No Relevant Events Occurred In Iowa</u>.**

Plaintiffs' argument that "substantial parts of the events giving rise to this action occurred in Iowa" (*see* Opp. at 4) is without merit – both factually and legally.  As the only support for their argument, Plaintiffs assert that Iowa was the site of the initial grievance hearing on their allegations that Frontier breached the collective bargaining agreement ("CBA").  (*See id.*)  This, however, is a stretch.  The grievance hearing was conducted via telephone:  although Plaintiffs' counsel may have been in Iowa, the Company's representative was in Colorado, the AFA's principals were present in-person with the Company's representative in Colorado, and the Company's grievance denial letter was mailed from Colorado.  (*See* Supplemental Declaration of Jaclyn W. Peter [filed concurrently herewith] ¶ 2.)

In any event, the location of the grievance hearing should have no bearing on the Court's decision because the proper focus is on where Frontier's alleged wrongdoing took place, and Plaintiffs do not rely on any events which transpired at the grievance hearing to support their claims for breach of CBA, promissory estoppel, and unjust enrichment.  Instead, they rely on the negotiation, implementation and communications about the 2011 CBA as well as the negotiation and implementation of the March 15, 2017 Equity Participation Payment Letter of Agreement.  (*See* Plaintiffs' First Amended And Substituted Complaint (ECF No. 2) ¶¶ 5-17.)  Many of those events took place in Colorado and none took place in Iowa (*see* Motion at 3-6) – a fact not even Plaintiffs can deny.[1]  *See, generally, GreatAmerica Leasing Corp. v. Telular Corp.*, No. C 98-127, 1999 WL 33656867, at *5 (N.D. Iowa Apr. 20, 1999) (explaining that transfer to Illinois

---

[1]     Plaintiffs' reliance on *FC Investment Group v. Lichtenstein*, 441 F. Supp. 2d 3 (D.D.C. 2006), is therefore misplaced.  In that case, the court sustained venue in the District of Columbia because defendants had "induc[ed] Plaintiffs' reliance, reassur[ed] Plaintiffs that they would receive refunds for their investments, and sen[t] Plaintiffs account statements and false information" from Washington, D.C.  *Id.* at 12.  In this case, Frontier did nothing of consequence in or from Iowa.

was appropriate even though "the [plaintiff's] offices are located in Iowa and the [plaintiff] provided the financing for the second lease," because "[i]n all other relevant respects, this is an Illinois case."); *compare RSA 1 Ltd. Partnership v. Paramount Software Assocs.*, No. 1:13-cv-00010, 2013 WL 12099651, at *3 (S.D. Iowa Sept. 5, 2013) ("The agreement was negotiated in Iowa, was partially performed in Iowa, and may possibly have been breached in Iowa. These contacts are substantial and are enough to support venue here.") (footnote omitted).

### C. The Convenience Of Witnesses Weighs Heavily In Favor Of Transfer To The District Of Colorado.

Plaintiffs assert that Iowa is the more convenient venue for non-party and party witnesses, yet they fail to identify a single witness who may be called at trial and instead claim that "[t]his case is currently in its infancy" and "it is unknown which Plaintiffs will be necessary for trial." (*See* Opp. at 6, 7.) Even ignoring the fact that, just two months ago, the parties conducted an arbitration hearing on Plaintiffs' claim – a hearing at which Plaintiffs called witnesses (some of whom are from Colorado and none of whom are from Iowa), Plaintiffs' argument is wholly insufficient to overcome the showing made by Frontier in its Motion. *See, generally, Wells Fargo Fin. Leasing, Inc. v. NCH Healthcare Sys., Inc.*, 756 F. Supp. 2d 1086, 1102 (S.D. Iowa 2010) (analyzing the importance of the parties' identified witnesses to determine appropriate forum, because "it is incumbent upon the Court to consider the materiality and importance of anticipated testimony."); *Aviva Life & Annuity Co. v. Goldstein*, 722 F. Supp. 2d 1067, 1078 (S.D. Iowa 2010) ("While Aviva asserts that it will produce Iowa witnesses to testify, it has not identified any of these witnesses, nor explained the importance of their testimony."); *GreatAmerica Leasing Corp.*, 1999 WL 33656867, at *4 (explaining that the convenience of witnesses favored transfer to Illinois, because defendant listed numerous

witnesses who were located in Illinois and, "for its part, [plaintiff] has failed to name any relevant witnesses that reside in Iowa.").[2]

Plaintiffs' additional attempts to establish that Iowa is a more convenient forum than Colorado should also be rejected. Plaintiffs assert that "a slim majority of Plaintiffs reside in Colorado" (*see* Opp. at 7), when, in actuality, 75 percent of Plaintiffs live in Colorado or states which are geographically closer to Colorado than to Iowa. (*See* Declaration of Jacalyn W. Peter In Support Of Defendant Frontier Airlines, Inc.'s Motion to Transfer Pursuant to 28 U.S.C. § 1404 (ECF No. 13-2) ¶ 11.) Plaintiffs also argue that because flight attendants travel as part of their jobs, traveling to Iowa would be convenient for them – even if they live in Colorado. (*See* Opp. at 7.) However, as demonstrated in Frontier's Motion (at 13-14), witnesses should not be required to travel without a valid reason, because forcing people to travel removes them from their normal work and personal lives. *See, also, In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004). And, it is abundantly clear that the convenience of Iowa as a forum for Plaintiffs' counsel is not a valid reason to inconvenience the witnesses and parties. *See Lyngholm v. FedEx Ground Package Sys., Inc.*, 827 F. Supp. 2d 912, 921 (S.D. Iowa 2011) ("[I]t is axiomatic that convenience to [the parties'] counsel is not a factor to be considered in deciding the propriety of transfer.") (quotation omitted); *In re Volkswagen AG*, 371 F.3d at 206 ("The word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)."); *Stewart v. AT & T Inc.*, No. C 06-7363 SI, 2007 WL 1031263, at *3 (N.D. Cal. Apr. 3, 2007) ("To the extent

---

[2]   Plaintiffs' analysis is flawed for the further reason that it focuses solely on Frontier's potential non-party witnesses and completely ignores the convenience of Frontier's potential party witnesses. (*See* Opp. at 6-7.) While it is true that some of Frontier's potential non-party witnesses do not reside in Colorado, none of them resides in Iowa.

plaintiff suggests that the Court should consider the location of counsel in this analysis, plaintiff is incorrect because Section 1404(a) refers to 'parties' and not counsel").

### D. The Interests of Justice Strongly Favor Transferring This Case To The District Of Colorado.

Plaintiffs' argument that they would "be required to incur the same costs [if the case were transferred to Colorado that] Frontier is trying to avoid in Iowa" is meritless. (*See* Opp. at 8-9.) None of the witnesses resides in Iowa. Therefore, everyone (except Plaintiffs' counsel, who do not count) will require air travel, food, and lodging if this case continues to be litigated in Iowa. If the case were tried in Colorado, however, the majority of potential witnesses would incur no or fewer travel-related costs. Frontier's motion would thus reduce the total amount of travel-related costs for all parties and witnesses, and not merely shift those costs from one party to the other. That is an additional reason why this Court should grant the instant motion. *See Gro Master, Inc. v. Farmweld, Inc.*, 920 F. Supp. 2d 974, 993 (N.D. Iowa 2013) ("It is likely that the costs of litigating in this forum for Farmweld are so greatly increased over litigating in the Southern District of Illinois that they outweigh the reduction in costs of litigating in this forum that Gro Master might enjoy as compared to litigating in the Southern District of Illinois, particularly where both parties are strangers to this jurisdiction.").

### CONCLUSION

For the foregoing reasons (as well as those contained in its Motion), Defendant Frontier Airlines, Inc. respectfully requests that this Court grant Frontier's Motion to Transfer.

Dated:  May 23, 2018.

Respectfully Submitted,

BELIN McCORMICK, P.C.

/s/  *Matthew C. McDermott*
Matthew C. McDermott
666 Walnut Street, Suite 2000
Des Moines, Iowa  50309-3989
Telephone: (515) 283-4643
Facsimile: (515) 558-0643
E-Mail: mmcdermott@belinmccormick.com

O'MELVENY & MYERS LLP

/s/  *Chris A. Hollinger*
Chris A. Hollinger (admitted pro hac vice)
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
E-mail: chollinger@omm.com

*Attorneys for Defendant*
*Frontier Airlines, Inc.*

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on May 23, 2018 by

☐ Electronic Filing System        Other _____

Kellie L. Paschke
Skinner & Paschke, PLLC
204 West Hickman Road
Waukee, IA 50263
kellie@splawiowa.com; beth@splawiowa.com
Jason D. Walke
Walke Law, LLC
204 West Hickman Road
Waukee, IA 50263
jwalke@walkelaw.com; nphifer@walkelaw.com

Signature:   */s/ Chris A. Hollinger*

F0765\0001\(2995535.1)