IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, AMANDA ARANA, AMY JO DOLAN, ANGELLA LEMAR, BARB DANNER, BOBBI CLOSE, CARA STEWART, CAROLINE GAGNE, CHRISTI JENKINS, CHRISTINE KERNEN, CHRISTOPHER BEGNAUD, CIBELLE MCDONALD, CINDI FANELLI, CLARA MCKEE, CONNIE WERTZBAUGHER, COURTNEY TURNER, CYNTHIA SOUTH, DANA WIPFF, DAROL GLASSCOCK, DAVID JELINEK, DAWN SHOBE, DEBBIE BRIMMERMAN, DENIS GERDES, DONALD MOORE, DYMETRA MCCASKILL, ELLEN HAMOR, ERIN BARBER, FAITH FRANCE, GLADYS SIMS, GLEN JOSANG, HOLLY DETLEF, JACQUELINE ACREE, JAIMIE SAVOR, JAMES YOUNG, JENNA BELDYGA, JENNIE BENISH, JENNY GUZZO, JERRY JOHNSON, JESSICA ARMSTRONG, JESSICA HEALY, JOCELYN MCCASKILL, JOHN MILLER, JONATHAN FERGUSON, KAREN HAW, KATHLEEN ARNOLD, KERRI WRIGHT, LAURA HAMLIN, LAURA SULLIVAN, LEVI WITTHUHN, LINDA HENDERSON, LINDA KELLERMAN, LUCAS THOMPSON, MARY CARWILE, MELISSA DAHLMAN, MIKE SELLERS, NANCY POFFEL, NELSON MIRANDA, NICOLE LALLIER, RANDOLPH AUCONE, RASHAD OWENS, RENATE MCCONATHY-EGGIMANN, RHONDA NEMBHARD, RITA CONCA, ROBERT BAKER, ROSEMARY LINDSEY, ROSS MILLER, SARAH DINKELMAN, SHANYN KEISLER, SHERRY HARRIMAN, STACY CARTER, STEVEN SHAW, STEVEN SUBLETT, SUSAN MEANS, TAMARA STEWART, TAMMY KALLSEN, VICTORIA MARTINEZ, ZACHARY DAVIS, ZEINAB SALAH, PAULA LUCE, MEGAN PURKIS, AIMEE CULLER ROSS, | 4:17-cv-452-JEG-RAW |

| | |
|---|---|
| JUDY SUTTON, CINDY SARVER, TIFFANY BLUE-DIAZ, CAROLINE LEREW, KIRA CARTAGENA, DEBRA BOWMAN, SUSAN CADY, LISA HERRMANN, REBEKAH GRIM, LINDA JEPSEN, MELODY FILAREY, TRACY CONNOLLY, PAIGE GERLACH CHUMLEY, ARIANNA GROVEN, DENISE A. SMITH, DIANE KING, SUZANNE BODNAR-JACKSON, and HEATHER HUNT<br><br>      Plaintiff(s),<br><br>vs.<br><br>FRONTIER AIRLINES, INC.,<br><br>      Defendant(s). | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>RULING ON PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S DECLARATION AND EXHIBITS AND ORDER SETTING STATUS CONFERENCE |

Motion to Strike

The above resisted Motion to Strike [10] is before the Court. It is decided on the motion papers. LR 7(c).

Plaintiffs are former flight attendants employed by Frontier Airlines, Inc. ("Frontier") who, because they left Frontier's employment before March 15, 2017, were excluded from receiving an "Equity Payment" provided for in a collective bargaining agreement ("CBA") between Frontier and the flight attendants' Union. A "Letter of Agreement" between Frontier and the Union required Frontier to pay $40 million under an "Equity Participation" provision in the CBA, and specified the Union would have sole authority to determine which flight attendants would be eligible. The Union determined a flight attendant must be continuously employed with Frontier through March 15, 2017, to be eligible for an Equity Payment. In their Amended Complaint [2] plaintiffs contend

2

their exclusion breached the CBA. They have added related claims of promissory estoppel and unjust enrichment.

Frontier has filed a Fed. R. Civ. P. 12(b)(1) Motion to Dismiss the Amended Complaint [8] for lack of subject matter jurisdiction, or alternatively for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Frontier argues that because plaintiffs' claims are based on, and would require interpretation of, the CBA they are preempted by the Railway Labor Act, 45 U.S.C. §§ 151 *et seq*. ("RLA"). In support of its motion Frontier has filed a declaration [8-2] and supplemental declaration [14-1] of attorney Chris A. Hollinger who has represented Frontier in ongoing arbitration proceedings involving plaintiffs' grievance of their exclusion from Equity Payments. Hollinger attaches exhibits from the arbitration proceeding to the declarations. Plaintiffs move to strike Hollinger's original declaration and exhibits (the Court assumes the motions should extend to the later-filed supplemental declaration and exhibits) and Frontier's memorandum in support of its Motion to Dismiss. They argue Frontier has made a facial attack on subject matter jurisdiction which, like a Rule 12(b)(6) motion, is to be determined from the allegations of the complaint taken as true without resort to matters outside the pleadings.

At the outset, motions to strike are recognized only with respect to pleadings. *See* Fed. R. Civ. P. 12(f). Rule 12(f) authorizes a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "Pleadings" is a defined term under the rules and does not include motions, briefs or declarations in support of a motion. Fed. R. Civ. P. 7(a); *see Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.*, 250 F.R.D. 414, 420 n. 7 (E.D. Mo. 2008)("A motion to strike is properly directed only to material contained in pleadings . . . . Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike."); *Voice Capture, Inc. v. Intel Corp.*, 354 F. Supp. 2d 997, 1008 (S.D. Iowa 2004); 2 MOORE'S FEDERAL PRACTICE

§ 12.37[2](3rd ed. 2017). The Court will take the motion as an objection to consideration of the Hollinger declarations and attached exhibits but will not strike them.

As to consideration of the declarations and exhibits, the Court views Frontier's Motion to Dismiss as a factual challenge to subject matter jurisdiction. A Rule 12(b)(1) facial challenge would address only the legal sufficiency of plaintiffs' jurisdictional allegations which, as plaintiffs note, would limit itself to the allegations in the Amended Complaint taken as true the same as with a Rule 12(b)(6) motion. *See Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015); *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). Frontier's motion does not concern itself with the facial sufficiency of plaintiffs' allegation of 28 U.S.C. § 1337(a) jurisdiction under the RLA as a statute regulating commerce. (Amend. Complaint [2] ¶ 3). Rather, Frontier contends the true nature and factual basis of plaintiffs' claims constitute a "minor dispute" under the RLA involving interpretation of the CBA. The dispute is subject to arbitration before the Frontier Flight Attendants' System Board of Adjustment ("Board") where an arbitration proceeding is pending. According to Frontier, the RLA gives the Board exclusive jurisdiction of a minor dispute preempting all of plaintiffs' claims. If Frontier is correct, only a factual inquiry can determine if plaintiffs' claims amount to a preempted minor dispute under the statute. Relevant matters outside the Amended Complaint may be considered in resolving factual challenges to subject matter jurisdiction. *Branson Label*, 793 F.3d at 914-15 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

As discussed further below, Frontier's Rule 12(b)(1) motion does not stray very far from the Amended Complaint, but that does not necessarily mean the jurisdictional challenge is a facial one. A factual challenge to subject matter jurisdiction may be based solely on the pleadings if the review is factual in nature. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002).

4

Even were the Court to analyze the Motion to Dismiss as presenting a facial challenge subject to review as for a Rule 12(b)(6) motion, most of the exhibits attached to the Hollinger declarations would be fair game. Apart from brief excerpts from arbitration hearing transcripts attached to the supplemental declaration, the exhibits consist of CBA provisions, the Letter of Agreement giving the Union authority to determine eligibility, Equity Payment grievances and supplemental grievances of plaintiffs and a separate similarly-situated group of former Frontier flight attendants consolidated for determination, Frontier's letter denial of the consolidated grievances, and plaintiffs' appeal of the denial to the Board. (Hollinger Decl. [8-2] at 2; Hollinger Supp. Decl. [14-1] at 2). Though it is often said that in considering a Rule 12(b)(6) motion the court is limited to review of the allegations in the complaint, in fact courts "are not strictly limited to the four corners of complaints." *Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013). A court may consider "matters incorporated by reference or integral to the claim." *Id.* (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012), in turn quoting 5B C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE §1357 at 376 (3rd ed. 2004)); *see Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)(court may consider documents "necessarily embraced by the pleadings," citing *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)). The Amended Complaint pleads breach of the CBA, quotes and attaches key provisions claimed to have been breached, thereby incorporating, and making integral to the contract claim, all relevant portions of the CBA. (Amend. Complaint [2] ¶ ¶ 7, 8, 19; Attach. [3] at 1-2). *See Dittmer*, 708 F.3d at 1021; *Ashanti*, 666 F.3d at 1151. The Letter of Agreement is incorporated by reference because the Letter and its content are described in the Amended Complaint. (Amend. Complaint [2] ¶¶ 11, 12). The Letter is clearly integral to plaintiffs' claims. The same is true of plaintiffs' grievances, Frontier's denial and appeal

to the Board. (Id. ¶¶ 16, 17). All of these documents are embraced by the Amended Complaint. Their authenticity is not disputed. Apart from attaching the exhibits, Hollinger says nothing in his declarations beyond describing the status of proceedings before the Board, a matter which should be undisputed.

The Motion to Strike will be denied.[1] The motion is procedurally inappropriate, the subject matter jurisdictional attack appears factual in nature, and most of the documents attached to the Hollinger declarations could be considered even if a facial jurisdictional attack were made.

Status Conference

The Court will set a status conference with counsel to discuss matters bearing on the submission of Frontier's pending Motion to Dismiss [8] and Motion to Transfer [13] which have been referred for report and recommendation [19]. Subjects for discussion will include whether the Court should, or must, determine the subject matter jurisdiction issue before considering whether to transfer the case pursuant to 28 U.S.C. § 1404, *compare Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431-36 (2007) *with Integrated Health Services of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 957 (8th Cir. 2005), and whether both motions may be determined on the basis of the motion papers now before the Court.

Rulings and Orders

Plaintiffs' Motion to Strike Defendant's Declaration and Exhibits [10] **denied**.

The Court will hold a telephonic status conference with counsel on **June 19, 2018 at 11:00 AM CDT (Iowa Time)** by means of the Court's conference line. Counsel should call (515) 284-6267 and enter access code 116267 at the prompt to be joined with the call.

---

[1] The undersigned has authority to decide the Motion to Strike without a report and recommendation to Judge Gritzner. *See* 28 U.S.C. § 636(b)(1)(A).

IT IS SO ORDERED.

Dated this 8th day of June, 2018.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE