**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| ADELINE CLARK, et al.<br><br>    Plaintiffs,<br><br>vs.<br><br>FRONTIER AIRLINES, INC.<br><br>    Defendant. | No.  4:17-CV-00452-JEG-RAW<br><br><br>**PLAINTIFFS' STATEMENT<br>REGARDING PRIORITY OF MOTIONS** |

## INTRODUCTION

Plaintiffs are a group of approximately 100 former flight attendants who were employed by the Defendant, Frontier Airlines, Inc. ("Frontier") for varying lengths of time.  For many years, Frontier experienced significant financial difficulties, and in 2008 the Company filed for bankruptcy.  As it struggled to remain afloat, Frontier began a series of aggressive cost-cutting measures to downsize the company, including wage and benefits reductions as well as reductions in force.  Soon after, the Frontier flights attendants voted to unionize.  Plaintiffs were represented by the Association of Flight Attendants – CWA ("AFA").  In 2011, the AFA negotiated, and the members ratified, a collective bargaining agreement ("CBA") outlining various terms and conditions of employment.  Among them was Article 24, a provision allowing for "Equity, Profit-Sharing, and Wage & Benefit Snapbacks."

Between January 1, 2012 and March 15, 2017, Plaintiffs separated their employment with Frontier for various reasons and at various times.  Only after leaving employment did the

1

Plaintiffs learn that, according to Frontier and AFA, their eligibility for Article 24 benefits was terminated - even though they had endured the wage and benefit reductions which those benefits were specifically designed to offset.

On May 25, 2017 and June 13, 2017, the Plaintiffs filed Grievances with Frontier, through their undersigned counsel, alleging they were entitled to a share of the Equity Payment. Frontier held a telephonic hearing on June 20, 2017 and issued a denial of the consolidated grievances on June 30, 2017. Thereafter, the Plaintiffs timely appealed their denial to the System Board of Adjustment, which conducted a hearing on March 20, 2018.[1]

After the initial denial of their Grievance, Plaintiffs also filed this action in the United States District Court for the Southern District of Iowa alleging (1) Breach of Contract, (2) Promissory Estoppel, and (3) Unjust Enrichment against Frontier.  Frontier filed a Motion to Dismiss on April 12, 2018, followed by a Motion to Transfer on May 2, 2018.  A status conference was held on June 19, 2018 to discuss the priority of Frontier's motions.  Because the parties did not agree, the Court requested each party submit a short brief in support of their position.

## ARGUMENT

The Court has requested the parties to compare *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422 (2007) with *Integrated Health Services of Cliff Manor, In. v. THCI Co., LLC,* 417 F.3d 953 (8th Cir. 2005) and evaluate whether it should, or must, determine subject matter jurisdiction before considering whether the case should be transferred pursuant to 28 U.S.C. §1404.

---

[1] The parties have not yet submitted final briefs to the Board and, therefore, a decision is not expected for several months.

> **I.      The Court must determine whether subject matter jurisdiction exists before it can consider transfer under §1404.**

The United States Supreme Court has consistently held that a federal court may not rule on the merits of a case without first determining that subject-matter jurisdiction and personal jurisdiction exist.  *Steel Co. v. Citizens for Better Government*, 523 U.S. 83 (1998); "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter." *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).  The Court has further clarified that, while issues of jurisdiction should be decided first, there is no mandatory "sequencing of jurisdictional issues" – meaning that in some cases, it may be more appropriate to decide personal jurisdiction first.  *Id.*

Likewise, the Eighth Circuit has generally followed the principle that jurisdictional challenges must be decided before considering other issues. *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."); *Charleston v. McCarthy,* 175 F. Supp. 3d 1115 (S.D. Iowa 2016) ("As a threshold matter, the Court must address [a party's] claim under Rule 12(b)(1) that this Court lacks subject matter jurisdiction.").  Where subject matter jurisdiction does not exist, a federal court may not decide any legal or factual questions before dismissing or remanding a case. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760 (8th Cir. 2001).  In short, "[i]t is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford*, 267 F.3d at 764.

> **II.     <u>Sinochem</u> and <u>Integrated Health Services</u> affirm the general rule that questions of jurisdiction receive priority.**

In *Sinochem v. Malaysia,* the Court was tasked with deciding whether the common-law doctrine of *forum non conveniens* could be applied when subject matter jurisdiction had not yet

been established.  *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422 (2007).  In holding that the Courts can apply the *forum non conveniens* analysis prior to jurisdiction determinations, the Court explained that the discovery required for personal jurisdiction would be unduly burdensome and cause delay.  Further, such discovery would serve no useful purpose, as it was likely the case would ultimately be dismissed using *forum non conveniens*.  Because the action was between foreign litigants, the Court determined the case was more properly suited for the Court in China, where similar litigation was also progressing.  *Id* at 435.

The Court made clear that its holding was specific to the facts of this particular case, noting this was "a textbook case" for *forum non conveniens* dismissal under the circumstances.  *Id.*  Importantly, the Court emphasized that it was not abandoning its well-settled general rule that jurisdiction should normally be decided first.  Simply stated, if a court can readily determine that is lacks jurisdiction over a cause or over the defendant, <u>the proper course would be to dismiss on that ground.</u>  *Id* at 436.

In *Integrated Health*, the Eighth Circuit was asked to determine whether it was appropriate to transfer a case pursuant to § 1404(a) before establishing jurisdiction.  *Integrated Health Services of Cliff Manor v. THCI Co., LLC,* 417 F.3d 953 (8th Cir. 2005).  Notably, the Court specifically stated that "a court without subject-matter jurisdiction <u>cannot </u>transfer a case to another court under 28 U.S.C. §1404(a)."  *Id.*  However, the Court reasoned that the jurisdiction requirement was met because the case was "related to" another matter pending in a different circuit.  *Id.*  Once concluding jurisdiction was present, the Court granted a transfer.

4

**CONCLUSION**

It is well-settled in the Eighth and other federal circuits that the court must first establish jurisdiction before deciding other matters. As demonstrated above, *Sinochem* represents a narrow fact-specific exception to the general rule, not applicable here. In fact, both *Sinochem* and *Integrated Health Services* acknowledged and upheld the principle that a court cannot proceed on other matters unless jurisdiction is present. As demonstrated by *Integrated Health Services*, this specifically includes a transfer under §1404(a).

For the reasons set forth above, Plaintiffs respectfully request the Court prioritize pending motions in accordance with precedent of the Supreme Court and the Eighth Circuit by first establishing jurisdiction over the matter.

Respectfully submitted,

*/s/ Kellie L. Paschke*
Kellie L. Paschke AT# 0006038
SKINNER & PASCHKE, PLLC
204 West Hickman Road
Waukee, Iowa 50263
Telephone:   (515) 987-0022
Facsimile:    (515) 987-6972
E-Mail:  kellie@splawiowa.com
E-Mail:  beth@splawiowa.com


 */s/ Jason D. Walke*
Jason D. Walke, AT# 0008230
WALKE LAW, LLC
204 West Hickman Road
Waukee, IA  50263
Telephone:  (515) 421-4026
Facsimile:  (515) 216-2261
E-Mail:  jwalke@walkelaw.com
E-Mail:  nphifer@walkelaw.com

ATTORNEYS FOR PLAINTIFFS