IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ADELINE CLARK, *et. al*,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | Case No. 4:17-cv-00452-JEG-RAW<br><br>**DEFENDANT FRONTIER AIRLINES, INC.'S STATEMENT CONCERNING SEQUENCE OF DECISION ON MOTION TO TRANSFER AND MOTION TO DISMISS** |

Pursuant to the Court's Order Following Status Conference With Counsel (ECF No. 22), Defendant Frontier Airlines, Inc. ("Frontier") hereby submits this statement concerning the following issue raised by the Court in its June 8, 2018 Order (ECF No. 20 at 6): "whether the Court should, or must, determine the subject matter jurisdiction issue before considering whether to transfer the case pursuant to 28 U.S.C. § 1404, *compare Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431-36 (2007) *with Integrated Health Services of Cliff Manor, Inc. v. THCI, Co. LLC*, 417 F.3d 953, 957 (8th Cir. 2005)."

I. **This Court Is Not Required To Decide Frontier's Motion To Dismiss Before Deciding Frontier's Motion To Transfer.**

This Court need not determine its subject-matter jurisdiction over Plaintiffs' lawsuit before transferring this case to the District of Colorado for the convenience of the parties and witnesses. This conclusion inescapably follows from the Supreme Court's decision in *Sinochem*, where the Court ruled that a district court "may dispose of an

1

action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." 549 U.S. at 432.  *See, e.g., Karas v. Allied Pilots Ass'n, et al.*, 3:16-cv-168, ECF No. 51 at 9 (N.D.N.Y, Oct. 4, 2016) (granting motion to transfer without deciding motions to dismiss, ruling that, under *Sinochem*, "if a district court finds that another venue is the appropriate forum, the court may avoid 'questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.'") (*quoting Sinochem*, 549 U.S. at 432).

    No decision from the Eighth Circuit since *Sinochem* has expressly addressed whether a district court is permitted to transfer a case before ruling on its subject-matter jurisdiction.  However, in a 2012 decision, the Eastern District of Arkansas granted a motion to transfer prior to deciding a motion to remand to state court, concluding that "deferring the question of subject matter jurisdiction to the transferee court is appropriate under *Sinochem*." *Emory on Behalf of Wal-Mart Stores, Inc. v. Duke*, No. 4:12-CV-00404-SWW, 2012 WL 13027254, at *2 (E.D. Ark., Aug 2, 2012).  The *Emory* Court acknowledged pre-*Sinochem* precedent which required "the transferring court 'resolve any questions regarding its subject matter jurisdiction prior to transferring the case—at least when there exists a serious question regarding the court's jurisdiction," *id.* at *2 (*quoting Zavanna, LLC v. RoDa Drilling Co.*, 2009 WL 3720177 at *14 (D.N.D. Nov. 3, 2009); *see also Integrated Health Services*, 417 F.3d at 957, but held that, in light of *Sinochem*, a motion to transfer could be decided "without first deciding jurisdictional issues" because "the outcome of a motion to transfer is not a ruling on the merits." *Id.*

2

at *2 (*citing In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008); *Public Citizen v. U.S. Dist. Ct. for Dist. of Columbia*, 486 F.3d 1342, 1348 (D.C. Cir. 2007).[1] This holding reflects a consistent view that, following *Sinochem*, "the indeterminacy of subject-matter jurisdiction is not, standing alone, a bar to consideration of venue." *See Woodlands Dev., LLC v. Regions Bank*, No. CIV.A. 13-514, 2013 WL 3233472, at *2-3 (E.D. La. June 24, 2013) (compiling cases).

In sum, this Court has the authority to grant Frontier's motion to transfer before ruling on Frontier's motion to dismiss.

## II. This Court Should Transfer This Case To The District Of Colorado Before Deciding Frontier's Motion To Dismiss.

Frontier respectfully submits that this Court should exercise its authority to rule on Frontier's pending motion to transfer before addressing the subject-matter jurisdiction issues raised in Frontier's motion to dismiss. As acknowledged by the Court in its June 8 Order, Frontier's motion to dismiss presents a "factual challenge" to subject-matter jurisdiction. Adjudication of this challenge would require a court to familiarize itself with the evidentiary record, including the collective bargaining history governing Frontier's flight attendants and the past practice thereunder, as well as the arbitration proceedings pertaining to Plaintiffs' claims. There is no reason for this Court to expend its time and resources on such a factual/evidentiary inquiry unless and until it determines

---

[1]    As the *Emory* Court noted (*see* 2012 WL 13027254, at *2), even the District of North Dakota in *Zavanna, LLC* (2009 WL 3720177, at *15) had recognized that "there may be reason to doubt the [pre-*Sinochem*] authority in light of the Supreme Court's decision in *Sinochem* ***if*** the premise is the lack of judicial power to transfer a case prior to deciding a question of subject matter jurisdiction, given that the transfer is a non-merits determination." (Emphasis in original.)

that the Southern District of Iowa is the appropriate forum to adjudicate the merits of this case. The interests of judicial economy, as well as the interests of the parties and witnesses, thus suggest that it is appropriate for this Court to decide the motion to transfer before ruling on Frontier's motion to dismiss.

\* \* \*

Dated:  June 26, 2018.

Respectfully Submitted,

BELIN MCCORMICK, P.C.

*/s/ Matthew C. McDermott*
Matthew C. McDermott
666 Walnut Street, Suite 2000
Des Moines, Iowa  50309-3989
Telephone: (515) 283-4643
Facsimile: (515) 558-0643
E-Mail: mmcdermott@belinmccormick.com

O'MELVENY & MYERS LLP

*/s/ Chris A. Hollinger*
Chris A. Hollinger (*pro hac vice*)
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
E-mail: chollinger@omm.com

*Attorneys for Defendant*
*Frontier Airlines, Inc.*

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties to this action by serving a copy upon each party listed below on June 26, 2018 by

☐ Electronic Filing System        Other _____

Kellie L. Paschke
Skinner & Paschke, PLLC
204 West Hickman Road
Waukee, IA 50263
kellie@splawiowa.com; beth@splawiowa.com
Jason D. Walke
Walke Law, LLC
204 West Hickman Road
Waukee, IA 50263
jwalke@walkelaw.com; nphifer@walkelaw.com

Signature:   */s/ Chris A. Hollinger*